1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

CHARLES R. BROWN,

                    Plaintiff,

vs.

TRINITY PROPERTY CONSULTANTS LLC, *et al.*,

                    Defendants.

Case No. 2:14–cv–1479–APG–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

This matter involves Charles Brown's wrongful-eviction and abuse-of-process action against Trinity Property Consultants, LLC, *et al.* (*See* Compl. #1-1).[1] Before the court is Brown's application to proceed *in forma pauperis* (#1) and complaint (#1-1). For the reasons stated below, Brown's application to proceed *in forma pauperis* is granted and the court recommends dismissing Brown's complaint for lack of jurisdiction.

## BACKGROUND

Charles Brown leased an apartment at 2205 Tosca Street in Las Vegas, Nevada. (Compl. (#1-1) at ¶ 18). He lived there with his children since 2010. (*Id*. at ¶ 21). Beginning in December 2012, Brown "experienced material and substantial health hazard(s) while occupying said residential dwelling:" an inundation of scorpions "that went un-cured despite numerous documented and verbal reports" to management over the course of one year. (*Id*. at ¶ 20). The situation was bad. Brown's children "experienced numerous scorpion stings." (*Id*. at ¶ 21).

The apartment was uninhabitable. Brown provided management with notice of the conditions and his intent to vacate the apartment on March 1, 2014. (*Id*. at ¶ 24). In response, management

---

[1] Parenthetical citations refer to the court's docket.

allegedly initiated a summary-eviction proceeding, alleging that Brown's rent was past due. (*Id*. at ¶ 30). Brown alleges that this was false and that he was fraudulently evicted as a result. (*Id*. at ¶¶ 31–32).

Consequently, Brown commenced a civil action in state court on August 25, 2014. (*Id*. at ¶ 47). He filed a motion to set aside the order of eviction. (*Id*.) Defendant Management companies did not oppose the motion. (*Id*.) Accordingly, on September 3, 2014, set aside the order of eviction and "struck all relevant documents from the record." (*Id*. at ¶ 48).

Now, Brown—who is represented by counsel—brings this action for breach of contract, abuse of process, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, defamation, and breach of the duty of good faith and fair dealing for being wrongfully evicted. (*Id*. at ¶¶ 49–80). The complaint alleges that the amount in controversy exceeds $75,000.00 and names the following defendants: Trinity Property Consultants, LLC, which is a California company; Fowler Property Acquisions, LLC, which is a California company; FPA Multifamily, LLC, which is a California company; and Nathan Mumford, who resides in Nevada. (*Id*. at ¶¶ 2, 6–9).

### *IN FORMA PAUPERIS* APPLICATION

Brown asserts in his application to proceed *in forma pauperis* that he is currently employed, makes $1,300.00 per month but incurs monthly expenses, including rent, utilities, child support for three children, in the amount of $5,150.00. (#1). Additionally, Brown asserts that he has $150,000 in student-loan debt and a $14,000.00 tax lien. (*Id*.) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C.

2

§ 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain" "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8(a)'s requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir 2014) (extending *Iqbal* to Rule 8(a)(1)). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

3

**DISCUSSION**

The court should dismiss Brown's claim for two reasons. First, Brown's complaint predicates the court's subject-matter jurisdiction on 28 U.S.C. § 1332. (Compl. (#1-1) at ¶ 1). This statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." This statute requires complete diversity. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806). Where multiple defendants are named, the presence of a single plaintiff from the same state as a single defendant deprives the court of subject-matter jurisdiction over the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Here, Brown alleges that he is a citizen of Nevada. (Compl. (#1-1) at ¶ 5). Similarly, Brown alleges that Defendant Nathan Mumford is also a citizen of Nevada. (*Id.* at ¶ 9). Therefore, complete diversity does not exist and the court lacks subject-matter jurisdiction over Brown's action. *Allapattah Servs., Inc.*, 545 U.S. at 553.[2]

Second, the court should dismiss Brown's action because the case or controversy (i.e., Brown's wrongful termination) was previously litigated in state court. (Compl. (#1-1) at ¶¶ 47, 48). *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Brown's application to proceed *in forma pauperis* (#1) is GRANTED.

---

[2] Brown's complaint also relies on 28 U.S.C. § 1367 as a jurisdictional basis. (Compl. (#1-1 ) at ¶ 2). Section 1367 governs supplemental jurisdiction. By definition, supplement jurisdiction does not create original jurisdiction. Where, as here, the court lacks original jurisdiction, the court should decline jurisdiction over the state-law claims that are predicated on section 1367. *See* 28 U.S.C.  § 1367(c)(3); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

IT IS FURTHER ORDERED that Brown is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Brown's complaint (#1-1) be DISMISSED.

DATED this 15th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5